No. 23,641.

ARTHUR B. GRAY, *Appellee*, v. THE GRAND LODGE OF THE ANCIENT
ORDER OF UNITED WORKMEN OF KANSAS, *Appellant*.

SYLLABUS BY THE COURT.

1. FRATERNAL INSURANCE—*Suspension of Delinquent Member—Conditions to
Reinstatement*. The laws of a fraternal beneficiary society examined, and
*held*, failure to pay an assessment within designated time operates, without
more, to suspend the delinquent member, and to prevent recovery on the
member's beneficiary certificate, until all the conditions to reinstatement
have been complied with.

2. SAME—*Conditions to Reinstatement Not Complied With—No Waiver*.
The evidence in an action to recover on a beneficiary certificate issued to a
member, who died while suspended, examined, and *held*, retention by the
society of money paid to secure reinstatement, did not waive the furnishing
of a good health certificate, which, under the law of the society, was a con-
dition to reinstatement. *Held further*, other facts disclosed by the evidence
did not dispense with performance of the condition.

Appeal from Chautauqua district court; ALLISON T. AYRES, judge. Opinion
filed April 8, 1922. Reversed.

*Edgar Bennett*, of Washington, for the appellant.

*J. E. Brooks*, of Sedan, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a beneficiary cer-
tificate issued by the defendant. The plaintiff, who was husband of
the deceased member to whom the certificate was issued, prevailed,
and the defendant appeals.

The cause was submitted on an agreed statement of facts and
some supplementary testimony. A summary will be sufficient for
the decision.

The defendant is a beneficiary society having local lodges. Bene-
ficiary certificates are issued to members of local lodges by the
grand lodge, which administers the beneficiary fund. The certifi-
cate sued on was issued to Grayce E. Gray, member of local lodge
No. 131, at Sedan. She failed to pay assessment 6, for June, 1918,
payable on or before June 28, and on June 29 she was reported to
the grand lodge as suspended. On September 2, the financier of the
local lodge wrote the suspended member a letter, giving her "lodge
acct." embracing assessments and dues for May, June, July, August,

Gray v. United Workmen.

and September, aggregating $7.50, and stating, "If you send this by return mail, it can be fixed without an extra examination, but be sure and send it at once." On September 7, the member paid $7.50 to the financier, who wrote up his books to show assessments and dues paid, and who, in the September report to the grand recorder, reported the member reinstated as of August 26. It was the duty of the recorder of the local lodge to make these reports, and the financier acted for him. On receipt of the report, and on September 26, the grand recorder wrote the local recorder that a good health certificate was due, because the member had been suspended more than thirty days, and less than three months. The letter concluded as follows:

"If you have a good health certificate for her, please forward it direct to this office at once, in order that we may get it in time to credit your return before the first of the month. If you do not have a good health certificate for her on hand, please fill out this enclosed blank in accordance with the facts, and have it signed by her, and forwarded to this office as above directed."

On September 28, the grand recorder again wrote the local recorder as follows:

"As we are obliged to close our books, and we do not have the good health certificate of Grayce E. Gray, we are obliged to strike her off. However, if we receive it in the next day or two, we will correct your return by entering her as reinstated. Otherwise, you can make your next report on your next beneficiary return of her reinstatement of date of August 26, providing the law is complied with in furnishing a good health certificate for her."

No health certificate was furnished, and the member died on October 16. The local lodge held no meetings between May 1 and the date of the member's death. No record was made on the local recorder's books of either suspension or reinstatement of the member, and no vote of the local lodge on the question of reinstatement was taken. The money paid by the member in September was not returned to her, and was not tendered to anyone for her until after her death.

The constitution and laws of the grand lodge, in force when the certificate was issued and when the member's death occurred, are divided into articles and sections. In the 1915 compilation, sections are treated as paragraphs, and the paragraphs, beginning with the first, are numbered consecutively. References will be to paragraph numbers.

Paragraph 100, relating to the beneficiary fund, provides that no liability for payment of money from that fund shall arise by virtue

of a beneficiary certificate during suspension of the member for non-payment of assessments. Paragraph 117, relating to assessments, provides that regular monthly assessments are due and payable without notice; unless paid on or before the 28th of the month, the member and his beneficiary certificate are immediately, on default, *ipso facto* suspended; while so suspended, the member is barred of all rights as a member, his beneficiary is barred of participation in the beneficiary fund, and the rights of member and beneficiary can be restored only by complying with the laws relating to reinstatement. Paragraph 131, relating to records to be made by the local lodge officers of assessments and delinquencies, reads as follows:

"The Financier of each Subordinate Lodge shall keep a book wherein all assessments of the Beneficiary Fund shall be entered against each member holding a valid certificate; such entry shall be made bearing the date of not later than the 8th of the month for each assessment made as herein provided for each month. On the day succeeding the 28th day of said month he shall furnish the Recorder of the Lodge with the names of the members who are in arrears on assessment, and the Recorder shall mark on the certificate register book the Beneficiary Certificates of such members as suspended, affixing the dates thereto, and at the first stated meeting of the Lodge after the 28th day of any calendar month the Financier shall report to the Lodge the names of those members whose Beneficiary Certificates are suspended for nonpayment of such assessment or assessments, and the Recorder shall enter such report upon the minutes of such meeting; and all rights of membership of such delinquent members from the time of the delinquency shall then *ipso facto* cease and remain of no binding force and effect, but be suspended until same are restored by compliance by such members and their Lodge with the laws of reinstatement hereinafter provided."

Paragraph 132 reads as follows:

"The membership rights and the certificate of each member who has not paid the assessment or assessments for the calendar month on or before the 28th day of said month shall by the fact of such nonpayment, stand suspended, and no action on the part of the Lodge or any officer thereof shall be required as essential to such suspension; and from and after the date of such suspension, and in case of death thereafter of the member so suspended, then neither the beneficiary, nor the heirs at law of such member in case the beneficiary named be dead, shall have any right whatever to participate in the beneficiary fund of the Order, until such right shall be restored by the reinstatement of such certificate and membership by compliance with the laws of the Order with reference thereto on the part of such member and his Lodge."

Paragraph 133, relating to reinstatement of a member in the situation of the deceased, imposes several conditions on reinstatement. All assessments must be paid. A certificate of good health, in pre-

scribed form, must be furnished by the applicant for reinstatement at the time delinquent assessments are paid, and the certificate must be forwarded at once to the grand recorder's office. When these conditions have been complied with, and not before, the financier shall report to the local lodge; and when the grand recorder's acknowledgment of receipt of the health certificate has been returned, a reinstatement vote shall be taken. The section proceeds as follows:

"Neither the payment of the money to nor the receipt thereof by the Financier or any other officer of the Lodge, in cases of suspension for delinquency existing more than thirty days and less than three months, shall operate to work a reinstatement until the Lodge, at a stated meeting thereof, shall have affirmatively voted thereon. When all of these conditions have been complied with, the Beneficiary Certificate and rights of membership of such suspended member shall be held as renewed and in full force, and not before, and the record of the reinstatement shall be made on the minutes of the Lodge: *Provided,* That the failure of the Financier to report to the Lodge the payment of arrearages, or the failure of the Lodge to hold stated meetings as required by its by-laws, or to take affirmative action upon the matter of reinstatement, as hereinbefore provided, shall not be deemed a waiver by the Grand Lodge of the requirements of this section; and should such member die before such reinstatement, as specified in this section, his beneficiary, or heirs at law if the beneficiary named be dead, shall not be entitled to any portion of the Beneficiary Fund."

The plaintiff contends the member never was suspended. This contention is based on an interpretation of paragraph 131. It is said the expression "and all rights of membership of such delinquent members from the time of the delinquency shall then *ipso facto* cease," means that suspension does not take place until all things which the paragraph directs to be done have been done. The plaintiff notes that this interpretation makes paragraph 131 incompatible with paragraph 132, and naïvely resolves the contradiction by saying the latter section is "an absolute nullity." The plaintiff does not note that the proposed interpretation makes paragraph 131 incompatible with paragraph 117. By parity of reason, section 117 is a nullity, which seems rather absurd. The word "then" in paragraph 131 refers to the time last mentioned—the time of delinquency. So construed, the three sections are valid and harmonious, and failure to pay an assessment in due time operates, without more, to suspend.

The plaintiff contends that retention of money paid to secure reinstatement waived furnishing a certificate of good health. The letters of the grand recorder to the local recorder forbid such an inference. Immediately on receipt of notice of efforts toward rein-

statement, the grand recorder called for the certificate. On September 28, he notified the local recorder that the member was stricken off because no certificate had been furnished. The letter, however, expressed willingness to accept a certificate if received in a day or two, and beyond that, to accept a report of reinstatement as of August 26, on the October return, provided the certificate were furnished. Before time for making the October report, the member died. Under these circumstances, the grand lodge waived nothing except compliance with the law which required the certificate of good health to accompany payment of arrears, and merely indulged the member in opportunity to furnish the necessary certificate. The grand lodge was privileged to assume the member would complete reinstatement by furnishing the certificate and procuring a favorable vote of her lodge, and there was no occasion to return the money before it was advised reinstatement was definitely abandoned or had failed.

The financier and acting recorder of the local lodge advised the member that reinstatement could be "fixed without extra examination," if the money were forwarded at once. That was true. The law provides that, after suspension for three months, the member "must again be examined by the medical examiner of the lodge." The financier did not write the member that a health certificate would not be necessary, and it would make no difference if he had done so. He was not official interpreter of the laws of the society, the law on the subject was plain, it formed part of the member's contract, and she was charged with knowledge of it.

The financier testified that, when he learned a health certificate would be required, he so notified the member. The plaintiff testified the letter containing the notification was not received. The subject is unimportant. The contract was that, in case of suspension for more than thirty days and less than three months, a health certificate was indispensable to reinstatement.

The testimony of the financier was very unsatisfactory. The plaintiff accepts parts favorable to himself, and rejects the rest. One of the accepted portions was that the member was suspended so much of the time, the financier tried to save her insurance by "putting up" payments for her. Reinstatement could be effected within thirty days after suspension by simple payment of arrears. There is no stipulation or evidence that the grand lodge had ever suffered reinstatement of the member after suspension for more than thirty days,

· without requiring a health certificate, and there is no stipulation or evidence that the grand lodge knew anything about the financier's practice of paying the member's assessments.  Therefore there was nothing on which to predicate either waiver or ratification.

The foregoing renders it unnecessary to discuss the subject of failure of the ·suspended member to complete reinstatement by securing a favorable vote of her lodge.

The judgment of the district court is reversed, and the cause is remanded with direction to enter judgment for the defendant.